**UNITED STATES of America,**

v.

**Steven BELL a/k/a James Moore**
**Steven Bell, Appellant.**

**No. 02–2340.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) April 8, 2003.

Decided June 3, 2003.

Before BECKER, Chief Judge,*
BARRY and BRIGHT** Circuit Judges.

OPINION

BECKER, Circuit Judge.

Steven Bell appeals his conviction under the Felon–in–Possession statute, 18 U.S.C. § 922(g). The facts are neither in dispute nor dispositive of this appeal. At all events, they are well known to the parties hence we need not recount them here.

Bell makes three challenges to his conviction. First Bell asserts that § 922(g) is unconstitutional under the Second Amendment of the U.S. Constitution. However, Bell's Second Amendment challenge to the Felon–in–Possession statute is foreclosed

---

* Judge Becker's term as Chief Judge ended on May 4, 2003.

** Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

by a number of cases from this Court, the latest of which is *United States v. Rybar*, 103 F.3d 273 (3d Cir.1996), which held that "this court has no several occasions emphasized that the Second Amendment furnishes no absolute right to firearms." Second, Bell advances a Fifth Amendment challenge to the statute, but that challenge rests on the foundational assertion that the right to bear arms is personal and fundamental, which it is not. Finally, Bell interposes a Commerce Clause challenge to the constitutionality of § 922(g) but that challenge is squarely foreclosed by *United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001), which upheld 18 U.S.C. § 922(g)(1) against a Commerce Clause challenge.

The judgment of the District Court will be affirmed.